IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAQUAN B. WATSON**<br>2219 N. 15th Street<br>Philadelphia, PA 19132<br>　　　　　Plaintiff,<br>v.<br>**Police Officer JAMAR LEARY**<br>c/o City of Philadelphia Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102,<br>　　and<br>**Police Officer DAVID DOHAN**<br>c/o City of Philadelphia Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102,<br>　　and<br>**CITY OF PHILADELPHIA**<br>c/o City of Philadelphia Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102,<br>　　　　　**Defendants.** | **CIVIL ACTION<br>NO.** |

## COMPLAINT

Plaintiff, **JAQUAN B. WATSON**, by and through his undersigned counsel, Jeffrey R. Lessin & Associates, P.C., files this Complaint and sues Defendants, **Police Officer JAMAR LEARY, Police Officer DAVID DOHAN** and **CITY OF PHILADELPHIA,** and allege:

## INTRODUCTION

1.　This is an action at law for damages sustained by a citizen of the United States against a individuals, police officers of the **CITY OF PHILADELPHIA** Police Department and the **CITY OF PHILADELPHIA** itself, respectively.

2.　On Saturday, September 15, 2012, Plaintiff **JAQUAN B. WATSON**, then a minor of sixteen years of age, was wrongfully seized by **CITY OF PHILADELPHIA** police

officers, namely, Defendant **Police Officer JAMAR LEARY** and Defendant **DAVID DOHAN**, individually and acting in their capacity as **CITY OF PHILADELPHIA** police officers, wrongfully seized Plaintiff **JAQUAN B. WATSON** in violation of the Fourth Amendment of the United States Constitution, and Defendant **Police Officer JAMAR LEARY** physically assaulted Plaintiff **JAQUAN B. WATSON**, constituting a use of excessive and unreasonable force, which is also in violation of the Fourth Amendment of the United States Constitution. Further, at all times relevant hereto, the aforementioned Defendants **Police Officer JAMAR LEARY** and **DAVID DOHAN** were uniformed, on-duty police officer and employee of the Police Department of the Defendant **CITY OF PHILADELPHIA**, and were thus acting under color of state law by virtue thereof.

## JURISDICTION AND VENUE

3.  The jurisdiction of this Court is invoked under 28 U.S.C. §§1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States.

4.  The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

5.  Venue is properly placed in the Unites States District Court of the Eastern District of Pennsylvania as it is where all parties reside, or have offices and business addresses, and where the illegal events complained of all occurred.

2

## PARTIES

6. Plaintiff **JAQUAN B. WATSON** is an individual, citizen of the United States and resides in Philadelphia, Pennsylvania. At the time of the events detailed herein, he was sixteen (16) years of age, and is currently nineteen (19) years of age.

7. Defendant **Police Officer JAMAR LEARY** is an adult individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the **CITY OF PHILADELPHIA** Police Department. He is being sued in his individual capacity for money damages.

8. Defendant **Police Officer DAVID DOHAN** is an adult individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the **CITY OF PHILADELPHIA** Police Department. He is being sued in his individual capacity for money damages.

9. **CITY OF PHILADELPHIA** is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and was the employer of Defendants **Police Officer JAMAR LEARY** and **Police Officer DAVID DOHAN**. All actions and/or omissions were performed by the individual named police officer, assisted by other police officers as discovery may show, were performed in the name of Defendant **CITY OF PHILADELPHIA**, at the direction of the policymakers and leaders of Defendant **CITY OF PHILADELPHIA** and thus were under the color of state law.

## FACTUAL ALLEGATIONS

10. On September 15, 2012, Plaintiff **JAQUAN B. WATSON**, then a minor of sixteen years of age, was wrongfully seized by **CITY OF PHILADELPHIA** police officers,

namely, Defendant **Police Officer JAMAR LEARY** and Defendant **DAVID DOHAN**, individually and acting in their capacity as **CITY OF PHILADELPHIA** police officers. Said Defendants wrongfully seized Plaintiff **JAQUAN B. WATSON** in violation of the Fourth Amendment of the United States Constitution, and Defendant **Police Officer JAMAR LEARY** physically assaulted Plaintiff **JAQUAN B. WATSON**, constituting a use of excessive and unreasonable force.

11. On the evening of September 15, 2012, at approximately 10:00 p.m., Plaintiff **JAQUAN B. WATSON** had earlier left a football game at his high school, Imhotep Institute Charter High School, and was walking, with several other schoolmates, on East Sedgwick in the vicinity of its intersection with Stenton Avenue, in Philadelphia.

12. As the group of students was walking up East Sedgwick Street, there was a Philadelphia police cruiser stopped in the travel lanes on Stenton Avenue, facing east.

13. Many of the group of students were walking in the street, and the police cruiser started moving toward them, in an evident attempt to communicate to them to get out of the street.

14. The students moved from the street to the sidewalk and many went to the Route 18 bus stop at the intersection of East Sedgwick Street and Stenton Avenue, including Plaintiff **JAQUAN B. WATSON**.

15. Some students began to laugh when Defendants **Police Officer JAMAR LEARY** and **Police Officer DAVID DOHAN** exited their patrol vehicle. At that point the police officer whom Plaintiff believes to be Defendant **Police Officer DAVID DOHAN** stated to Plaintiff that Plaintiff had or made people laugh at Defendant **Police Officer**

4

DAVID DOHAN.

16. When Plaintiff did ot respond to that statement by Defendant **Police Officer DAVID DOHAN**, Defendant **Police Officer DAVID DOHAN** took out his baton and hit Plaintiff approximately five (5) times.

17. Once at the bus stop, Plaintiff **JAQUAN B. WATSON**'s friend realized he did not have correct change form the bus fare he needed to get home.

18. In order to get correct change for his bus fare, Plaintiff **JAQUAN B. WATSON** crossed the street with a friend to get to the restaurant called China Garden (at 8103 Stenton Avenue).

19. After getting proper change for bus fare at China Garden, Plaintiff **JAQUAN B. WATSON** and his friend were re-crossing the street to get back to the bus stop, when one of the police officers, whom Plaintiff believes to be Defendant **Police Officer JAMAR LEARY**, asked Plaintiff why he walked back and forth across the street.

20. After Plaintiff informed Defendant **Police Officer JAMAR LEARY** that he had crossed the street to get change, Defendant **Police Officer JAMAR LEARY** told Plaintiff and his friend to move to a different bus stop.

21. Plaintiff and his friend walked back across the street when Defendant **Police Officer JAMAR LEARY** told Plaintiff to "get the fuck over here".

22. Defendant **Police Officer DAVID DOHAN** then grabbed Plaintiff and told Plaintiff to "lean your fucking boy on the car."

23. The police officer whom Plaintiff believes to be Defendant **Police Officer JAMAR LEARY** then hand cuffed Plaintiff, pushed him against the police cruiser and

pushed his head into the portion of the police cruiser near where the door and roof of the vehicle meet.

24. Plaintiff protested that he did not do anything wrong.

25. In response, the police officer whom Plaintiff believes to be Defendant **Police Officer JAMAR LEARY** told plaintiff he was being hand cuffed because ,"You weren't coming the fuck over."

26. After handcuffing Plaintiff **JAQUAN B. WATSON**, the police officer whom Plaintiff believes to be Defendant **Police Officer JAMAR LEARY** told Plaintiff **JAQUAN B. WATSON** that he was going to throw Plaintiff **JAQUAN B. WATSON** in a ditch or river somewhere, took Plaintiff's wallet and cell phone, searched both and took money from Plaintiff's wallet.

27. Even though Plaintiff was then only sixteen years of age, the Defendant police officers refused to contact, or allow Plaintiff to contact his parents.

28. Plaintiff was detained for more than a half hour in hand cuffs.

29. While Plaintiff was detained, sometimes, the Defendant officers kept him standing hand cuffed outside the police cruiser; sometimes he was seated hand cuffed in the rear of the police cruiser.

30. At one point while locked in then back of the police cruiser, the police put another minor who appeared to be arrested in the back of the cruiser wherein Plaintiff was seated.

31. The Defendant police officers then asked both Plaintiff and the other minor where they lived: the other minor said he lived in the vicinity and the Defendant police

officers let him go; Plaintiff said he lived in North Philadelphia and the Defendant police officers kept him longer.

32. Then the police officer whom Plaintiff believes to be Defendant **Police Officer JAMAR LEARY** told Plaintiff that if Plaintiff could beat beat the police cruiser in a foot race, the police would let him go; but if he lost the foot race, he would be arrested. Perceiving that he was being baited, Plaintiff declined this "offer."

33. After detaining him for more than a ½ hour, hand cuffed, in police custody, in circumstances reasonably leading him to believe he was arrested, Defendant police officers released Plaintiff **JAQUAN B. WATSON**.

34 The Defendant police officers knew, at all times relevant hereto, that Plaintiff **JAQUAN B. WATSON** had committed no crime and had done nothing to provoke or justify such an outrageous violation of his rights by Defendants.

35. There was no probable cause or reasonable suspicion to believe that Plaintiff **JAQUAN B. WATSON** had committed any crime at any time relevant hereto.

36. Said Defendant police officers intentionally violated the Constitutional rights of Plaintiff **JAQUAN B. WATSON**, and intentionally detained and hand cuffed Plaintiff **JAQUAN B. WATSON** in a malicious attempt to violate his civil rights. Additionally, Defendant **Police Officer JAMAR LEARY** used excessive and unreasonable force on Plaintiff.

37. By this complaint, Plaintiff **JAQUAN B. WATSON** seeks judicial redress for violation of his civil rights.

38. Plaintiff brings this claim pursuant to 42 U.S.C. §1983 seeking monetary relief

for violation of the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States. Plaintiff also seeks damages under Pennsylvania tort law.

39. At all times pertinent hereto, Defendant **CITY**, and the Defendant police officers, each of them, through conduct sanctioned under color of state law, statute, municipal ordinances, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury and damage to Plaintiff **JAQUAN B. WATSON**, depriving him of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States and Commonwealth of Pennsylvania.

40. Defendant **CITY**, through promulgation, application, ratification and/or acquiescence of and/or in township ordinance, regulations, policies, practices, customs and/or usages, have subjected Plaintiff **JAQUAN B. WATSON** and other persons to a pattern of conduct consisting of intimidation, abuse, unconstitutional seizure, false arrest, and false imprisonment, resulting in the denial of the rights privileges and immunities guaranteed Plaintiff and other citizens by the Constitution of the United States and Commonwealth of Pennsylvania.

41. This systematic pattern of conduct consisted of a large number of individual acts of intimidation, abuse, unconstitutional seizure, false arrest, and false imprisonment, and/or humiliation visited upon Plaintiff **JAQUAN B. WATSON** and other citizens by members of the Defendant **CITY**'s police department, acting in concert with persons

unknown to Plaintiff **JAQUAN B. WATSON** under color of law, together with the acts specified in this Complaint. These acts of intimidation, abuse, unconstitutional seizure, false arrest, and false imprisonment, which occurred under color of law, have no justification or excuse in law and are illegal, improper and unrelated to any activity in which a police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

42. Despite the fact that Defendant **CITY** officials knew and/or should have known of the fact that this pattern of conduct was being carried out by their agents and/or employees, Defendant **CITY**, through its officials, particularly the police commissioner and/or chief, have made no effort to order a halt to this course of conduct, to make redress to Plaintiff **JAQUAN B. WATSON** or other citizens injured thereby, or to take any disciplinary action whatever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this illegal pattern of conduct.

43. As a result of the reckless, outrageous and intentional misconduct of the Defendant police officers, and the misconduct of **CITY**, Plaintiff **JAQUAN B. WATSON** suffered an unconstitutional deprivation of liberty, and a violation of his Fourth Amendment right to remain free of unreasonable searches and seizures. He has in the past and will in the future undergo mental stress and suffering, all to his detriment and loss. As a further result of the constitutional violations in this case, Plaintiff **JAQUAN B. WATSON** suffered the following injuries and damages: violation of his rights under the Fourth Amendment of the United States Constitution, as applied to the states through the Fourteenth

Amendment; and emotional trauma, humiliation and distress.

44. As a result of the aforesaid occurrence, Plaintiff **JAQUAN B. WATSON** has mental anguish, embarrassment, humiliation, psychological pain and damage to his personal reputation.

## COUNT I
## PLAINTIFF v. DEFENDANTS LEARY and DOHAN
## FEDERAL CIVIL RIGHTS VIOLATIONS
## FOURTH AMENDMENT-UNLAWFUL SEIZURE

45. Plaintiff **JAQUAN B. WATSON** incorporates all his previous allegations herein as though set forth fully and at length.

46. The Defendant police officers' actions detailed herein constitute an unlawful seizure an/or arrest. This unlawful seizure is a violation of the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff **JAQUAN B. WATSON** demands compensatory damages against the Defendants **Police Officer JAMAR LEARY** and **Police Officer DAVID DOHAN**, individually, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the said Defendants, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

## COUNT II
## PLAINTIFF v. DEFENDANT LEARY
## FOURTH AMENDMENT-EXCESSIVE USE of FORCE

47. Plaintiff **JAQUAN B. WATSON** incorporates all his previous allegations herein as though set forth fully and at length.

48. Said Defendant **Police Officer JAMAR LEARY** intentionally violated the Constitutional rights of Plaintiff **JAQUAN B. WATSON**, and intentionally used unreasonable excessive force against Plaintiff **JAQUAN B. WATSON** in a malicious attempt to to violate his rights. As a result of these constitutional violations, Plaintiff **JAQUAN B. WATSON** was held in police custody and handcuffed against his will by Defendant **Police Officer JAMAR LEARY**, had his head pushed against the police cruiser by Defendant **Police Officer JAMAR LEARY** and was threatened with serious bodily injury by Defendant **Police Officer JAMAR LEARY**.

49. At all times relevant hereto, there was no level of force necessary in order for Defendant **Police Officer JAMAR LEARY** to interact with Plaintiff **JAQUAN B. WATSON**.

50. This unlawful deprivation of Plaintiff's liberty is a violation of the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983.

51. Plaintiff **JAQUAN B. WATSON** had done nothing to provoke or justify such a deprivation of his liberty, nor did he do anything to justify the use of excessive force on him by Defendant **Police Officer JAMAR LEARY** .

**WHEREFORE**, Plaintiff **JAQUAN B. WATSON** demands compensatory damages against the Defendant **Police Officer JAMAR LEARY**, individually, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the Defendant **Police Officer JAMAR LEARY**, in an amount in excess of ($100,000.00).

A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

**COUNT III**
**PLAINTIFF v. DEFENDANT CITY**
**FEDERAL "MONELL" CIVIL RIGHTS VIOLATIONS**

52. Plaintiff **JAQUAN B. WATSON** incorporates all his previous allegations herein as though set forth fully and at length.

53. The Defendant police officers' actions detailed herein were performed in furtherance of a course of conduct, custom, pattern, practice and/or policy established by Defendant **CITY**, and constitute an unlawful seizure and use of excessive force. This unlawful seizure and arrest is a violation of the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution, as well as 42 U.S.C. §1983.

54. Defendant **CITY** has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas of:

      a. the use of unlawful arrest by police officers;

      b. the proper exercise of police powers, including, but not limited to the unlawful arrest, false imprisonment, unlawful seizure and violation of citizens' civil rights;

      c. the monitoring of officers, including, but not limited to, officers it knew or should have known may have been suffering from emotional or

    psychological problems that impaired their ability to function as officers;

d. the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct, particularly for unlawful seizure or false arrest;

e. police officers' use of their status as police officers to employ the use of unlawful seizure and/or arrest, or to achieve ends not reasonably related to their police duties;

f. the failure of police officers to follow established policies, procedures, directives and instructions regarding the use of seizure, detention and/or arrest powers under such circumstances as presented herein;

g. the failure to properly train, supervise and instruct officers, including the Defendant police officers herein, on the rights citizens have under Pennsylvania law and federal law, relative to unlawful seizure and/or arrest; and

h. actual improper training, supervision and instruction of officers, including the Defendant police officers on the rights citizens have under Pennsylvania law and federal law, relative to unlawful seizure and/or arrest.

**WHEREFORE**, Plaintiff **JAQUAN B. WATSON** demands compensatory damages against the Defendant **CITY**, in an amount in excess of One Hundred Thousand

13

($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. **Plaintiff** demands a trial by jury.

## COUNT IV
## PLAINTIFF v. DEFENDANTS LEARY and DOHAN
## SUPPLEMENTAL STATE CLAIMS

55. Plaintiff **JAQUAN B. WATSON** incorporates all his previous allegations herein as though set forth fully and at length.

56. The acts and conduct of the Defendant police officers in this case constitute unlawful seizure and/or false arrest, and (in the case of Defendant **Police Officer JAMAR LEARY**) the use of excessive force, assault and battery under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, Plaintiff **JAQUAN B. WATSON** demands compensatory damages against the Defendants **Police Officer JAMAR LEARY** and **Police Officer DAVID DOHAN**, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against said Defendants, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. **Plaintiff** demands a trial by jury.

JEFFREY R. LESSIN & ASSOCIATES, P.C.

BY: _____
JEFFREY R. LESSIN, ESQUIRE (I.D. No.43801)

14

BY: _____

**MARK T. RICHTER, ESQUIRE (I.D. Nos.45195)**

**Attorneys for Plaintiffs
1500 J.F.K. Boulevard, Suite 600
Philadelphia, PA 19102
215-599-1400**